# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNEY RAY WHITE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TURNER SECURITY SYSTEMS, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01314-DAD-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

Darney Ray White ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed September 25, 2018.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis

1

complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

On November 1, 2017, Plaintiff was at River Park Mall in Fresno.[1] (Compl. 3, ECF No. 1.) Jeremy Mohr, who works for Turner Security at the mall, observed Plaintiff and thought Plaintiff was a transient due to the way he looked and that Plaintiff was black in a predominantly

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

white shopping center. (Id.) Plaintiff alleges that Mr. Mohr contacted his supervisor and had all outside security cameras placed on Plaintiff. (Id.) As Plaintiff exited a Victoria Secret store, the alarm sounded indicating the presence of store merchandise. (Id.) Mr. Mohr "attacked Plaintiff's side." (Id.) Mr. Mohr did not work for Victoria Secret. (Id.) Mr. Mohr did not tell Plaintiff to stop or identify who he was. (Id.) Plaintiff "repelled" Mr. Mohr without touching him. (Id.) Plaintiff has been charged with robbery of Victoria Secret's property. (Id.)

Plaintiff alleges that Turner Security is responsible for the training of its employees in the use of force and confrontation and Mr. Mohr was inadequately trained. (Id. at 4.) Plaintiff also alleges that Turner Security has a history of racially profiling minorities who visit the mall. (Id.) Plaintiff contends that Turner Security filed charges against him that has resulted in him spending 11 months fighting charges that should have carried a six-month sentence. (Id.)

Plaintiff brings this action against Jeremy Mohr and Turner Security alleging excessive force and unlawful detention in violation of the Fourth Amendment, and racial profiling. Plaintiff is seeking monetary damages.

## III.

## DISCUSSION

### A. Plaintiff Fails to Allege a Claim Under Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual acts under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Generally, private parties are not acting under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991). In addressing whether a private party acts under color of law, the court starts "with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).

1 | This does not require that the defendant be an employee of the state, but he must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980). There are four different factors or tests that courts use to determine if a private party is acting under color of law: "(1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." Sutton, 192 F.3d at 835–36. However, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional violations by private actors).

To establish liability under section 1983, a plaintiff must sufficiently plead that the defendant is engaged in state action. Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002). "Whether a private party engaged in state action is a highly factual question[,]" in which the nature and extent of the relationship between the defendant and the state is crucial. Brunette, 294 F.3d at 1209.

Plaintiff alleges that Mr. Mohr was a security guard employed by Turner Security to provide security at River Park Mall. A private security guard who works independently from local police would not be a state actor. Stanley v. Goodwin, 475 F.Supp.2d 1026, 1039 (D. Haw. 2006), aff'd, 262 F.App'x 786 (9th Cir. 2007); see also King v. Ashley, No. 2:14-CV-1306 KJN P, 2014 WL 3689582, at *2 (E.D. Cal. July 23, 2014) (generally, the actions of private security guards do not constitute state action under section 1983). While there are situations in which a security guard could be liable under section 1983, see Stanley, 475 F.Supp.2d at 1038-41, the allegations in the complaint lead the Court to reasonably infer that Mr. Mohr was working as a private security guard; and therefore, the complaint fails to state a claim for violation of section 1983.

Accordingly, Plaintiff has failed to state a cognizable claim under section 1983 due to the

complaint being devoid of any allegations by which the Court can find that Mr. Mohr was acting under color of law. However, the Court cannot find that Plaintiff is unable to allege additional facts to state a section 1983 claim. Therefore, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure this deficiency. As Plaintiff may be able to allege facts to state that Mr. Mohr was acting under color of law, the Court shall provide the legal standards that would appear to apply to his claims in this action. Plaintiff is advised that these standards would only apply if he is able to allege facts to demonstrate that Mr. Mohr was acting under color of law at the time of the incidents alleged in the complaint.

1. <u>Fourth Amendment</u>

The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." <u>Camara v. Mun. Court of City & Cty. of San Francisco</u>, 387 U.S. 523, 528 (1967). "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." <u>Rakas v. Illinois</u>, 439 U.S. 128, 143 (1978); <u>United States v. Rubio</u>, 727 F.2d 786, 796–97 (9th Cir. 1983).

**a. <u>Reasonable Suspicion Required to Briefly Detain for Investigatory Stop</u>**

Plaintiff contends that Mr. Mohr did not have probable cause to believe that Plaintiff had committed a theft. However, a police officer may make a brief investigatory stop to investigate possible criminal behavior when he has reasonable suspicion that criminal activity may be afoot. <u>U.S. v. Montero-Camargo</u>, 208 F.3d 1122, 1129 (9th Cir. 2000). The officer "must be able to articulate more than an 'inchoate and unparticularized suspicion' or 'hunch' of criminal activity." <u>Montero-Camargo</u>, 208 F.3d at 1129 (quoting <u>Illinois v. Wardlow</u>, 528 U.S. 119, ___, 120 S.Ct. 673, 676 (2000)). "[R]easonable suspicion exists when an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for particularized suspicion." <u>Montero-Camargo</u>, 208 F.3d at 1129. This requires an assessment based on the totality of the circumstances and the circumstances must arouse reasonable

suspicion that the particular individual being stopped has committed or is about to commit a crime. Id.

### b. Force Applied Must be Objectively Reasonable in the Circumstances

Plaintiff contends that Mr. Mohr used excessive force when he "attacked" his side. "Under the Fourth Amendment, the amount of force used by law enforcement officers must be objectively reasonable when viewed in light of the totality of the circumstances." Greer v. City of Hayward, 229 F. Supp. 3d 1091, 1102 (N.D. Cal. 2017). The reasonableness inquiry in excessive force cases is whether the officer's actions were " 'objectively reasonable' in light of the facts and circumstances confronting" him. Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005). "Determining whether a police officer's use of force was reasonable or excessive therefore 'requires careful attention to the facts and circumstances of each particular case' and a 'careful balancing' of an individual's liberty with the government's interest in the application of force." Santos v. Gates, 287 F.3d 846, 853 (9th Cir. 2002) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

Here, Plaintiff's allegation that he was "attacked" in the side is insufficient to infer that the use of force was unreasonable in the circumstances. In amending his complaint, Plaintiff must provide sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

### B. Racial Discrimination

Although Plaintiff alleges racial profiling, the Court finds that Plaintiff is attempting to state a claim for racial discrimination. Unlike section 1983, a private actor can be held liable for racial discrimination under 42 U.S.C. §§ 1981, 1982. Runyon v. McCrary, 427 U.S. 160, 173 (1976). To state a claim for racial discrimination, Plaintiff must allege that the defendant acted with the intent to discriminate against him because of his race. Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982) (section 1981); Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30, 694 F.2d 531, 536-37 (9th Cir. 1982) (same); Shaare Tefila Congregation v. Cobb, 481 U.S. 615, 617 (1987) (section 1982).

The claim in this action would arise under section 1981 which provides that "[a]ll persons

within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other" 42 U.S.C. § 1981. To state a claim under Section 1981, "a plaintiff must establish that (1) he or she is a member of a racial minority; (2) the defendant intended to discriminate against plaintiff on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce contracts, sue and be sued, give evidence, etc.)." <u>Peterson v. State of California Dept. of Corrections and Rehabilitation</u>, 451 F.Supp.2d 1092, 1101 (2006) (internal citations omitted).

Here, Plaintiff alleges that because Mr. Mohr observed that he was a transient and black in a predominantly white shopping center, Mr. Mohr directed that the security cameras be turned on Plaintiff. Initially, the Court finds that Plaintiff's complaint is insufficient to allege that he was targeted for surveillance due to his race, rather than due to the fact that he was determined to be a transient.

Further, other circuits have found that discriminatory surveillance alone is insufficient to establish racial discrimination. See <u>Gregory v. Dillard's, Inc.</u>, 565 F.3d 464, 471 (8th Cir. 2009); <u>Garrett v. Tandy Corp.</u>, 295 F.3d 94, 100-01 (1st Cir. 2002) ("in order to satisfy the foundational pleading requirements for a suit under section 1981, a retail customer must allege that he was actually denied the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of a race-based animus"); <u>Hampton v. Dillard Dep't Stores, Inc.</u>, 247 F.3d 1091, 1108 (10th Cir. 2001) (discriminatory surveillance is not alone actionable under section 1981).

Here, Plaintiff does not allege that he was prevented from any activities enumerated in section 1981. Plaintiff merely contends that due to the observation that he was a transient and black, surveillance cameras were directed to be trained on him. The Court finds that this is insufficient to state a claim for racial discrimination.

### C. Claims Against Turner Security

Plaintiff alleges that Turner Security is responsible for failing to adequately train Mr. Mohr and for giving the implication that they have actual and constructive possession of property in the mall even when stores have their own loss prevention officers.

The Supreme Court has held that municipalities and other local governments can be sued for constitutional violations under section 1983. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012). However, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy, 594 F.3d at 713.

The Ninth Circuit has held that a private entity is only liable under section 1983 where the plaintiff shows that the entity was acting under color of state law, and the same tests that apply to private actors apply to the private entity. Tsao, 698 F.3d at 1139. Here, Plaintiff has failed to allege any facts to demonstrate that Turner Security acts under the color of law.

Further, to state a claim based on a policy or procedure "[i]t is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference' " to his constitutional rights. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831 (2017). The deliberate indifference standard is satisfied where a plaintiff alleges facts available to the entity's policymakers that "put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens." Castro, 833 F.3d at 1076.

For these reasons, Plaintiff fails to state cognizable claim against Turner Security.

### IV.

### CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his federal rights. Plaintiff shall be granted leave to file an amended complaint

to cure the deficiencies identified in this order. See Lopez, 203 F.3d at 1127; Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **October 1, 2018**

UNITED STATES MAGISTRATE JUDGE