# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNEY RAY WHITE, | Case No. 1:18 -cv-01314-DAD-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| TURNER SECURITY SYSTEMS, et al., | |
| Defendants. | (ECF No. 5) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

Darney Ray White ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983. On October 1, 2018, Plaintiff was granted leave to file an amended complaint after the complaint was screened and found not to state a cognizable claim. Currently before the Court is Plaintiff's first amended complaint, filed October 9, 2018.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

1

F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

On November 1, 2017, Jeremy Mohr, a private security guard, attacked Plaintiff while working as a mall security guard.[1]  (First Am. Compl. ("FAC") 3, ECF No. 5.)  Plaintiff

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

"repelled" Mr. Mohr without touching him. (Id.) Turner Security Systems is a security company licensed with the State of California. (FAC 4.) Moriah Chapa, an employee of Victoria Secret summoned Mr. Mohr to the business. (Id.) Plaintiff brings this action seeking monetary damages against Jeremy Mohr, Turner Security, and Victoria Secret alleging unlawful search and seizure and excessive force in violation of the Fourth Amendment.

## III.

## DISCUSSION

### A.    Plaintiff Fails to Allege a Claim Under Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual acts under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Generally, private parties are not acting under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991). In addressing whether a private party acts under color of law, the court starts "with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).

To act under color of law does not require that the defendant be an employee of the state, but he must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980). There are four different factors or tests that courts use to determine if a private party is acting under color of law: "(1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." Sutton, 192 F.3d at 835–36. However, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831,

835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional violations by private actors).

To establish liability under section 1983, a plaintiff must sufficiently plead that the defendant is engaged in state action. Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002). "Whether a private party engaged in state action is a highly factual question[,]" in which the nature and extent of the relationship between the defendant and the state is crucial. Brunette, 294 F.3d at 1209.

1. Mr. Mohr

Plaintiff alleges that Mr. Mohr is a private security guard providing mall security. Plaintiff cites to Thompson v. McCoy, 425 F.Supp.407, 409 (D.S.C. 1976), to argue that significant state regulation of security guards may result in a finding that the security guard is acting under color of law. Plaintiff contends that Mr. Mohr is licensed with the state and his company has a business relationship with the Fresno Police. Plaintiff further contends that Turner Security Systems is a licensed security company and has the authority and power which law enforcement has to make arrests for individuals violating criminal statutes.

In Thompson, the court considered a South Carolina statute that required that any business maintaining security guards on their premises were required to be licensed. 425 F.Supp. at 409. The statute required that the employer hiring security guards register and supply extensive information to the South Carolina Law Enforcement Division concerning the prospective employee's background and training. Id. Most importantly, the statute provided the private security guards with the same authority and powers which sheriffs have to make arrests of any individuals that violated or were charged with violating criminal statutes of the state. Id. The court found that "[a]ctions taken under this system of intensive regulation, combined with the statutory grant of police authority to approved applicants, reaches the necessary degree of state control and cooperation to be properly characterized as action taken 'under color of state law.' " Id.

The Court finds Thompson to be distinguishable from the instant action as the statute at

1  issue there provided private security guards with the same authority as law enforcement to make
2  arrests.  However, under California law a security guard does not have the same authority that is
3  conferred upon an officer of the law.  <u>See</u> Cal. Bus. & Prof. Code § 7583.7(a) (security guards
4  are required to be trained on the responsibilities and ethics in citizen arrest, relationship between
5  the security guard and a peace officer in making an arrest, the limitations on security guard
6  power to arrest, and restrictions on search and seizure); <u>People v. Taylor</u>, 222 Cal.App.3d 612,
7  617 (1990) (fact that California licenses security guards and regulates their conduct does not
8  transform them into state actors).  "The state emphasizes, in its pamphlet Powers to Arrest[,]
9  Security Guard Training (1987 Rev.) Department of Consumer Affairs, Bureau of Collection and
10  Investigative Services, page 8, 'A security guard is not a police officer.  Guards do not have the
11  same job duties as police officers; they do not have the same training; and they do not have the
12  same powers according to law.'  A security guard arrests with the same power as any other
13  citizen." <u>Taylor</u>, 222 Cal.App.3d at 625.

14  Plaintiff has failed to allege any facts to suggest that Mr. Mohr would meet the public
15  function, joint action, governmental compulsion or coercion, or governmental nexus test to be
16  considered a state actor.  Plaintiff alleges that Mr. Mohr was summoned by an employee from
17  Victoria Secret and there are no allegations that any police officer was present when Mr. Mohr
18  contacted Plaintiff nor are any facts alleged that Mr. Mohr was working in concert with or at the
19  direction of law enforcement.

20  Courts find that a private security guard who works independently from local police
21  would not be a state actor.  <u>Stanley v. Goodwin</u>, 475 F.Supp.2d 1026, 1039 (D. Haw. 2006),
22  aff'd, 262 F.App'x 786 (9th Cir. 2007); <u>see also</u> <u>King v. Ashley</u>, No. 2:14-CV-1306 KJN P, 2014
23  WL 3689582, at *2 (E.D. Cal. July 23, 2014) (generally, the actions of private security guards do
24  not constitute state action under section 1983); ); <u>Sayeg v. City of Anaheim</u>, No. 8:13-CV-
25  02009-SVW-AN, 2015 WL 12734785, at *7 (C.D. Cal. June 17, 2015) (private security guard
26  not state actor where no authority had been conferred upon him by the state beyond that
27  possessed by all private citizens, and he acted of his own volition when he chose to engage the
28  suspect and to assist the city's police officers in restraining him); <u>Rabieh v. Paragon Sys. Inc.</u>,

316 F.Supp.3d 1103, 1111 (N.D. Cal. 2018) (allegations that suggest that security guard has some power to detain a person on the premises, temporarily confiscated property, and placed individual in handcuffs not sufficient to allege security guard was state actor); <u>Taylor</u>, 222 Cal.App.3d 612 at 620-24 (finding security guard is not a state actor under public purpose or joint actor tests).

The first amended complaint does not include any factual allegations to demonstrate that Mr. Mohr was acting under color of law at the time that he interacted with Plaintiff. Therefore, the complaint fails to state a cognizable claim under section 1983 against Mr. Mohr.

        2.    <u>Turner Security and Victoria Secret</u>

Similarly, Plaintiff alleges that Turner Security is licensed with the state and therefore acts under the color of state law. Plaintiff also contends that Victoria Secret is liable because their employee summoned Mr. Mohr to do a police action and Mr. Mohr presented an implied partnership giving the impression he had a silent agreement with Victoria Secret.

The Ninth Circuit has held that a private entity is only liable under section 1983 where the plaintiff shows that the entity was acting under color of state law, and the same tests that apply to private actors apply to the private entity. <u>Tsao v. Desert Palace, Inc.</u>, 698 F.3d 1128, 1139 (9th Cir. 2012). Here, Plaintiff has failed to allege any facts to demonstrate that Turner Security or Victoria Secret acted under the color of law.

Further, Plaintiff alleges that Turner Security is liable for the acts of its employees that are carried out in the scope of employment, but there is no <u>respondeat</u> <u>superior</u> liability under section 1983. <u>Iqbal</u>, 556 U.S. at 677. Plaintiff has failed to state cognizable claim against Turner Security or Victoria Secret.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, Plaintiff's first amended complaint does not state a cognizable claim for relief for a violation of his federal rights. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, the allegations in Plaintiff's first amended complaint are largely identical to the original

complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a Fourth Amendment claim against the defendants named in this action, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's first amended complaint be DISMISSED WITHOUT LEAVE TO AMEND and this action be CLOSED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 17, 2018**      _____

UNITED STATES MAGISTRATE JUDGE